People v Goodwin (2022 NY Slip Op 00281)





People v Goodwin


2022 NY Slip Op 00281


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Mazzarelli, Gesmer, JJ. 


Ind. No. 843/17 Appeal No. 15088 Case No. 2018-5966 

[*1]The People of the State of New York, Respondent,
v
Robert Goodwin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan Tallmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben and Ann E. Scherzer, JJ. at pretrial self-representation requests; Erika M. Edwards, J. at jury trial and sentencing), rendered September 12, 2018, convicting defendant of burglary in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to an aggregate term of nine years, unanimously reversed, on the law, and the matter remanded for a new trial.
At a February 1, 2018 appearance, defendant requested that he be permitted to represent himself, specifically invoking his sixth amendment rights. The judge reserved decision, stating that the hearing judge would rule on his application. At defendant's next appearance before the same judge, on February 8, 2018, defendant again requested that he be permitted to proceed pro se, asserting that he could not be "forced" to go to trial with his appointed attorney. The court stated that no one was "forcing" defendant to do anything, but nonetheless indicated that the more defendant continued to talk over the court and the prosecutor, the less likely he would be found fit to represent himself. The court adjourned the matter to April 17, 2018 for hearing and trial, stating that it had neither granted nor denied defendant's application. When defendant continued to reiterate his request, the judge quipped, "if it's up to me, I am denying your request," concluding that defendant was disruptive and unable to conduct himself in an orderly manner.
At the April 17, 2018, before a second judge, defendant unequivocally stated that he wanted to represent himself, specifically invoking his sixth amendment rights. The court proceeded to make the requisite inquiry, but deferred ruling on the application because defendant stated that he was not feeling 100 percent and was affected by medication.
On April 25, 2018, before a third judge, defendant noted that he "tried to go pro se." The third judge, referring to a notation in the file, stated that defendant's application to proceed pro se had already been denied.
"The denial of defendant's repeated requests to proceed pro se deprived defendant of his right to represent himself and requires reversal of his conviction" (People v Trammell, 183 AD3d 155, 156 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]). Although defendant made repeated unequivocal requests to proceed pro se, the calendar courts hearing these applications repeatedly deferred making a ruling. To the extent that these courts can be viewed as having denied the applications on the ground that defendant was disruptive, this was inappropriate because defendant's only outbursts were the product of his frustration at not receiving a ruling on his rightful applications (see id. at 161-62). Furthermore, defendant was clearly fit to proceed to trial and fit to waive counsel (see id. at 158). The fact that defendant's request to proceed pro se was based in part on his disagreements [*2]with counsel did not, standing alone, justify the denial of his request (see id. at 162). Defendant expressly stated that he wanted to represent himself, whether or not the court assigned new counsel.
Because we are ordering a new trial, we find it unnecessary to reach any other issues. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022